**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS JACQUELINE MELGAR RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71864 <br><br> Agency No. A076-268-221 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014**

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Jesus Jacqueline Melgar Rodriguez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal, after our remand for consideration of her asylum and

withholding of removal claims in light of our decision in *Perdomo v. Holder*, 611

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 662 (9th Cir. 2010). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that, even assuming the validity of Melgar Rodriguez's gender-based social group, Melgar Rodriguez did not establish that any past or future harm would be on account of her membership in such a group. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In light of our prior decision, *Melgar Rodriguez v. Holder,* No. 09-72937, 426 Fed. Appx. 557 (9th Cir. Apr. 12, 2011), in which we upheld the BIA's finding that Melgar Rodriguez failed to establish she would be persecuted by gangs on the basis of her actual or imputed political opinion, we do not address Melgar Rodriguez's political opinion claim.

Finally, we lack jurisdiction to review Melgar Rodriguez's social group claims based on returning from the United States and/or her membership in her family because she failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Thus, Melgar Rodriguez's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**